# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| LORETTA REYNA, | ) |
| Plaintiff, | ) |
| v. | ) No. 08-06057-CV-SJ-FJG |
| LAURA SHOOP, et al., | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is Defendant Ibis Club, International, LLC's Motion to Dismiss Plaintiff's Complaint for Improper Venue (Doc. No. 14), and requests the case to be dismissed, or in the alternative, to be transferred to the Northern District of Illinois or the Middle District of Florida. Plaintiff has filed suggestions in support of transferring the case (Doc. No. 19) and requests that it be transferred to the Northern District of Illinois.

## I. BACKGROUND

Lorretta Reyna ("Reyna") is seeking rescission of a real estate transaction and damages for conversion against Laura Shoop ("Shoop"); S&S Managment Group, LLC ("S&S"); Ibis Club, International, LLC ("Ibis Club"); Capital Street Mortgage, LLC ("Capital Mortgage"); Capital Street Consulting Group, Inc. ("Capital Consulting"); Chase Home Finance, LLC ("Chase"); and Kevin and Lauren Geiger (collectively the "Geigers"). According to Reyna's complaint, both Reyna and Shoop are airline attendants that maintain part-time residency in Illinois. Reyna is a permanent resident of Texas, and Shoop is a permanent resident of Platte County, Missouri. Shoop is the sole member of S&S, which

is a Missouri single-member limited liability company. Ibis Club is an Illinois limited liability company that is engaged in real estate development and sales. The Geigers reside in Illinois, and own Capital Street Mortgage, an Illinois limited liability company, and Capital Street Consulting, an Illinois corporation. Chase is an Illinois limited liability company.

Reyna alleges that Shoop, in coordination with the other defendants, approached Reyna to solicit the purchase of a condominium property located in Naples, Florida. Shoop represented to Reyna that she could purchase the condominium property with borrowed funds and repay the mortgage payments by renting out the property on a weekly basis. Shoop also stated that the rent they would receive would cover Reyna's mortgage payments, and the money remaining after the mortgage was paid would be shared between Shoop, S&S, and Reyna. Shoop and S&S promised to pay all advertising and management services needed to obtain weekly renters and make all required mortgage payments and condominium fees until the property was sold.

The Geigers, in coordination with Ibis club sold the property to Reyna and helped her obtain financing from Chase with the aid of Capital Mortgage and Capital Consulting. The Geigers affirmed Shoop's representations regarding the purchase and rental of the condominium. Reyna met with Shoop and the Geigers at Capital Consulting's offices to discuss the proposal. The defendants informed Reyna that Ibis Club would pay Shoop and S&S a sum of $77,208.00 as an incentive for Reyna to purchase the property. Shoop advised Reyna that this money would cover one year of mortgage payments. Relying on these representations, Reyna agreed to purchase the property and borrow $333,828.26 at 8% interest from Chase. It was Reyna's understanding that Shoop would ensure the mortgage payments and condominium fees were paid. The sale of the property was

2

completed on August 6, 2007 at the offices of Capital Consulting.

After the purchase, Reyna visited the property in Florida, and the condominium association advised her that it prohibited owners from renting on a weekly basis. Reyna subsequently discovered that the fair monthly rental value of the property was far less than her monthly mortgage payment. Shoop and S&S made one payment towards Reyna's mortgage, and refused to make any other payments. Shoop also failed to find renters for the condominium unit. Reyna believes that the defendants have also secured a portion of advances on the note secured by the first trust deed for the property.

## II.    LEGAL STANDARD

Defendant Ibis Club has moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue, or in the alternative requests that the Court transfer this case to either the Northern District of Illinois or the Middle District of Florida. The plaintiff has responded by agreeing that it would be appropriate to transfer the case, and she requests the Court to transfer the action to the Northern District of Illinois. However, the plaintiff does not state whether venue is improper in this district. Therefore, the Court must first determine whether venue is proper in this district.

> One court has formulated the inquiry as follows:
>
> When venue is challenged, a court is not obliged to determine the best venue for a cause of action pending before it, but rather must determine only whether or not its venue is proper.
> . . .
> To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue.

Intercoast Capital Co. v. Wailuku River Hydroelectric Ltd. Partnership, No. 04-CV-40304, 2005 WL 290011 (S.D. Iowa Jan. 19, 2005) (internal citations and quotations omitted).

3

## III. DISCUSSION

### A. Propriety of Venue in the Western District of Missouri

Defendant Ibis Club argues that venue in the Western District of Missouri is improper under § 1391(a), and as a result, the case should be dismissed or in the alternative the case should be transferred. Shoop agrees that it is appropriate for this Court to transfer the case to the Northern District of Illinois, but she does not explicitly state that venue is improper in this district. The Court will first determine whether venue is improper in this district.

For cases based on diversity jurisdiction, 28 U.S.C. § 1391(a) governs the venue inquiry. Section § 1391(a) reads:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*.

42 U.S.C. § 1391(a) (emphasis added).

In paragraph 10 of her complaint, Shoop alleges that venue is proper because Defendants Shoop and S&S are subject to personal jurisdiction in this district. Ibis Club argues that § 1391(a)(3) is not applicable in this case as it only applies when there is no other district in which the case could be brought, and it argues the case could have been brought either in the Northern District of Illinois or the Middle District of Florida. The Court agrees with the defendant. A substantial part of events and omissions, such as the alleged

4

misrepresentations, the financing for the condominium, and the solicitation of the agreement, occurred in Illinois. Pursuant to § 1391(a)(2), venue would be proper in Illinois; therefore, § 1391(a)(1) would not apply because there is a district in which the action could have been brought.

Even though the Court finds that venue is improper, the Court has the power to transfer the case to a district where the case may have otherwise been brought. See 28 U.S.C. § 1406(a). "Transfer is preferred to the harsh remedy of dismissal because it avoids any statute of limitations problems and the necessity of filing and serving a new action." Lum v. Carnival Cruise Lines, No. C-97-2241-VRW, 1998 WL 118188, at *2 (N.D. Cal. Feb. 27, 1998).

### B. Transfer to the Northern District of Illinois[1]

Ibis Club argues that the case should be transferred to the Northern District of Illinois. Ibis Club points out that a substantial part of omissions and events occurred in Illinois while the property that was the center of the business transaction between plaintiff and defendants is located in Florida. Reyna agrees that the case should be transferred, and suggests that the Court transfer the case to the Northern District of Illinois. Ibis Club analyzes the transfer under § 1404(a) and weighs factors such as the convenience of the parties, access to documentary evidence, the law that will govern the suit, and the transferee forum's interest in the lawsuit. Reyna does not provide any statutory basis or reasoning for why the case should be transferred to Illinois.

---

[1]Although Ibis Club mentions that both the Middle District of Florida and the Northern District of Illinois would be a proper forum, the Court focuses only on whether the Northern District of Illinois is a proper forum as both Ibis Club and Reyna have agreed to a transfer in that district.

Ibis Club points out that the Court's power to transfer this case falls under § 1404(a). However, if venue is improper in the district in which the case was brought, the appropriate vehicle to transfer a case is 28 U.S.C. § 1406(a), not § 1404(a). Naegler v. Nissan Motor Co., Ltd., et al., 835 F.Supp. 1152, 1156-57 (W.D. Mo. 1993). As the Court has determined above, venue is improper in the Western District of Missouri; therefore, the Court will analyze whether to transfer this case pursuant to § 1406(a). Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. §1406(a). Two requirements must be met to transfer a case to a particular district: (1) it must be in the interest of justice to transfer the case, and (2) the proposed transferee district must be one where the case could have been brought originally. Naegler, 835 F.Supp. at 1157.

First, the Court finds that it is in the interest of justice to transfer, rather than dismiss, this case because it promotes judicial economy and efficiency to transfer rather than have the plaintiff file her complaint anew. Second, the Court must determine whether the case could have been brought originally in the Northern District of Illinois. For the district to be one where the case could have been brought originally, the transferee district must be a proper venue as well as have personal jurisdiction over the defendants. Capital Bank Int'l Ltd. v. Citigroup, Inc., 276 F.Supp.2d 72, 78 (D.D.C. 2003). As discussed above, under § 1391(a)(2), venue is proper in Illinois because a substantial part of events relating to the plaintiff's cause of action occurred in Illinois. The Court also finds that Illinois would also have personal jurisdiction over the defendants, as most of the defendants are businesses

6

located and doing business in Illinois, and the defendants allegedly induced plaintiff into entering the real estate transaction based on misrepresentations made in Illinois.

IV. **CONCLUSION**

For the foregoing reasons, the Court hereby **GRANTS** Defendant Ibis Club, International, LLC's Motion to Dismiss Plaintiff's Complaint for Improper Venue (Doc. No. 14); however, rather than dismiss the case, the Court transfers this case to the Northern District of Illinois for all further matters.

The Court notes that there are two other motions pending: Defendant Chase Home Finance's Motion to Dismiss based on Rule 12(b)(6) (Doc. No. 11) and Defendant Ibis Club International's Motion to Dismiss based on Rule 12(b)(6) (Doc. No. 16). In light of this Court's ruling to transfer this case, the Court declines to rule on these motions.

**IT IS SO ORDERED.**

Date: 10/15/08  /S/ **FERNANDO J. GAITAN**, **JR.**

Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge