IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**LORETTA REYNA,** )
)
       *Plaintiff,* ) Case № **08-C-5920**
**vs.** )
) Judge St. Eve
**LAURA SHOOP,** *et al.*, )
)
       *Defendants.* )

**PLAINTIFF'S SECOND/RENEWED MOTION TO LIFT STAY AND TO REINSTATE/ENTER JUDGMENT AS TO DEFENDANT LAURA SHOOP**

    **COMES NOW** Plaintiff, and for her above-titled motion states as follows:

1. On July 7, 2009, Plaintiff filed her motion for default judgment against Defendants Shoop, S&S Management Group, L.L.C., and Capital Street Consulting Group, Inc.

2. On July 21, 2009, the Court entered default against said defendants.

3. From time to time, upon Plaintiffs' motion, Plaintiff was granted time to file materials in support of her damages, and on September 4, 2009, she filed an affidavit, and on October 23, 2009, she filed a copy of a foreclosure judgment entered against her in the state of Florida on October 13, 2009.

4. Without the knowledge of Plaintiff or her attorneys, Defendant Laura Shoop had, on July 21, 2009, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court, Western District of Missouri, Case No. 09-53609.

5. Defendant Shoop had not listed Plaintiff as a creditor in

said case or listed the instant matter as a pending lawsuit therein.

6. On or about November 2, 2009, the undersigned counsel, William P. Nacy, was made aware of said bankruptcy case and filed a motion in that case to enlarge the time to object to discharge.

7. Due to inadvertence, the undersigned, William P. Nacy, had not advised this Court of said bankruptcy case and had filed a response to the Court's order to show cause of November 19, 2009, as to the Court's subject-matter jurisdiction.

8. Without knowledge of Defendant Shoop's bankruptcy, the Court entered judgment against Defendant Shoop on December 14, 2009.

9. On December 19, 2009, the undersigned realized that he had inadvertently failed to advise the Court of Defendant Shoop's bankruptcy, and filed a motion to set aside the judgment based on the automatic-stay provision of 11 U.S.C. § 362 as applicable in Defendant Shoop's bankruptcy case. The Court accordingly set aside the judgment as to Defendant Shoop on December 29, 2009, and stayed all further proceedings as to said defendant.

10. On September 1, 2010, Defendant Shoop and the panel trustee administering her bankruptcy case filed a joint motion to dismiss the bankruptcy case, with prejudice to re-filing for three years. (See attached Exhibit A).

11. On September 23, 2010, Defendant Shoop's bankruptcy case was in fact dismissed in accordance with said joint motion. (See attached Exhibit B – docket for Case No. 10-05005-jwv, Bankr. W.D. Mo., Doc. Entry No. 65).

12. There now exists no legal or just cause for the Court to not reinstate or enter its judgment as to Defendant Shoop, and the Court should reinstate or enter the judgment forthwith.

**WHEREFORE,** Plaintiff prays the Court to reinstate its judgment of December 14, 2009, or enter judgment on the same terms, as to Defendant Shoop; and to enter other proper orders consistent with substantial justice.

**Dated: February 16, 2011.**

        Respectfully submitted,

        HANRAHAN, NACY & MATHERS, P.C.

by: */s/ William P. Nacy*

WILLIAM P. NACY
522 E. Capitol Ave.
Jefferson City, MO  65101
Telephone (573) 635-0282
Fax (573) 556-6340

*Attorneys for Plaintiff*


DASPIN & AUMENT, L.L.P.

by: */s/ Timothy M. Schaum*

TIMOTHY M. SCHAUM
227 W. Monroe St., Ste. 3500
Chicago, IL  60606
Telephone (312) 258-1600
Fax (312) 258-1955

*Local Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that I did, on February 16, 2011, serve a true copy of the foregoing to all parties and/or counsel of record *via* the Court's CM-ECF system and/or by U.S. Mail, and that pursuant to Local Rule 5.2(e), a paper copy has been forwarded to Judge St. Eve.

                                          */s/ William P. Nacy*
                                              WILLIAM P. NACY